IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 NOV -2  PM 4:49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

JOSEPH KIGGUNDU,
                **Plaintiff,**

-vs-
                                              Case No.  A-16-CA-242-SS

CWHEQ, INC. and CWALT, INC.,[1]
                **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants CWHEQ, Inc. and CWALT, Inc. (CWHEQ and CWALT or, collectively, Defendants)'s Motion to Dismiss [#24] and Defendants' Notice of No Response [#25]. Plaintiffs have not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders GRANTING the motion to dismiss and dismissing this action in its entirety.

### Background

       This case concerns a mortgage in default (the Mortgage) and corresponding foreclosure action for property located at 8607 Aldeburgh Court, Spring, Texas, 77379 (the Property). Am. Compl. [#22] at 14. Plaintiff purchased the Property in 2006 via a residential mortgage of $175,200 with America's Wholesale Lender. *Id.* ¶ 17. America's Wholesale Lender sold the Mortgage to Defendants. *Id.* ¶ 12. Defendants are two New York Real Estate Mortgage Investment Conduit

---

[1]Defendants' full names are CWHEQ Inc., Home Equity Loan Asset-Backed Certificate Series 2006-S10 and CWALT Inc., Alternative Loan Trust 2006-35CB, Mortgage Pass-Through Certificate, Series 2006-35CB. Am Comp. [#22] ¶ 4.

Trusts that securitize mortgages and convert them into Mortgage-Backed Securities. *Id.* ¶ 4. According to Plaintiff, the Mortgage was originally serviced by Countrywide Home Loans (Courtywide), but when Countrywide became insolvent, Bac Home Loans became the new loan servicer. Bac Home Loans collected money on behalf of Bank of New York Mellon, the trustee for Defendants.

Before filing this suit, Plaintiff previously filed suit three times concerning the Mortgage, attempting to prevent foreclosure. In 2011, in the first case (*Kiggundu I*), Plaintiff sued various defendants[2] alleging that they were improperly attempting to foreclose on the Property and asserting numerous federal and state law claims. *Kiggundu v. Mortg. Elec. Registration Sys., Inc.,* No. CIV.A. 4:11-1068, 2011 WL 2606359, at *1 (S.D. Tex. June 30, 2011), *aff'd,* 469 F. App'x 330 (5th Cir. 2012).[3] The district court in *Kiggundu I* granted summary judgment for the defendants, determining the Bank of New York Mellon had the authority to foreclose on the Property and rejecting Kiggundu's claims the defendants acted improperly. *Id.* at *4.

In 2013, Plaintiff filed two additional suits, which were eventually consolidated into one case, *Kiggundu II.* Order of Consolidation, *Kiggundu II,* 4:13-cv-01151 (S.D. Tex. May 14, 2013), ECF No. 6. First, Plaintiff sued CWALT. Bank of New York Mellon, as the trustee, appeared as the real party in interest. Corporate Disclosure Statement, *Kiggundu II,* 4:13-cv-01151 (S.D. Tex.

---

[2]The defendants in *Kiggundu I* were Mortgage Electronic Registration Systems, Inc., MERSCORP, Bank of New York Mellon, Bank of America/BAC Home Loans, Real Time Solutions, Barret Daffin Frappier & Engel LLP, Rex Kesler, T. Reder, J. Follis, and N. Sanchez.

[3]Defendants attached to their motion to dismiss copies of the order granting summary judgment from *Kiggundu I* and order of final dismissal from *Kiggundu v. Alternative Loan Trust 2006-35CB,* 4:13-cv-01151 (S.D. Tex. May 28, 2011) (*Kiggundu II*). This Court takes judicial notice of these documents and the filings in the prior cases as they are matters of public record and their contents cannot be reasonably questioned. *Meyers v. Textron, Inc.,* 540 F. App'x 408, 409 (5th Cir. 2013) ("For example, a district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.").

May 1, 2013), ECF No. 4 (Corporate Disclosure Statement).[4] Seeking to enjoin foreclosure of the

Property, Plaintiff claimed CWALT, Inc. was liable for the following:

> (a) Engaging in unfair and deceptive practice by misrepresenting an alleged debt obligation and or omitting the true owner of the alleged debt obligation;
> (b) Fraudulent practices of omission and concealment of material facts, through its agents, thus creating an accounting controversy;
> (c) Violating Texas recording statutes, hence exposing the Plaintiff to the possibility of multiple enforcement claims of the same alleged debt obligation;
> (d) Clouding the Plaintiff's title by use of, and lack of transparency of the MERS system and its modus operandi. This cloud potentially affects not just Plaintiff, but also every resident of Texas, as all have the potential to be the title holders of the clouded property[; and]
> (e) Attempting to collect money on a debt that has already been satisfied through a settlement that was reached on April 4, 2012.

Plaintiff's Original Petition, *Kiggundu v. Alternative Loan Trust 2006-35CB,* 4:13-cv-01151 (S.D.

Tex. April 23, 2013), ECF No. 1-2. While this suit was initially filed in the 80th Judicial District

Court of Harris County, Texas, it was removed to the United States District Court for the Southern

District of Texas. Notice of Removal, *Kiggundu v. Alternative Loan Trust 2006-35CB,* 4:13-cv-

01151 (S.D. Tex. April 23, 2013), ECF No. 1.

In the second 2013 suit, Plaintiff sued Bayview Home Loan Servicing, LLC (Bayview) in the

55th Judicial District Court of Harris County, Texas, also seeking to enjoin foreclosure of the

Property. Notice of Removal, *Kiggundu v. Bayview Home Loans Servicing, LLC,* 4:13-cv-01381

(S.D. Tex. May 14, 2013), ECF No. 1. And the suit against Bayview was similarly removed to the

United States District Court for the Southern District of Texas. *Id.*

---

[4]In 2013, Plaintiff filed suit against Alternative Loan Trust 2006-35CB, but the Bank of New York Mellon filed a corporate disclosure statement, noting CWALT's correct name was "Certificateholder CWALT, Inc., Alternative Loan Trust 2006-35CB, Mortgage Pass-Through Certificates" and identifying Bank of New York Mellon as CWALT's corporate parent. *See* Corporate Disclosure Statement.

After the two 2013 cases were consolidated, the district court dismissed *Kiggundu II* with prejudice in favor of the judgment from *Kiggundu I* because the court found Plaintiff was suing "essentially the same defendants for claims that should have been brought in his original suit . . . ." Final Dismissal, *Kiggundu II,* 4:13-cv-01381 (S.D. Tex. May 28, 2013), ECF No. 20.

Plaintiff filed this suit on January 22, 2016, in the 345th Judicial District of Travis County, Texas seeking injunctive and equitable relief from foreclosure of the Property. Am. Compl [#22]. Appearing *pro se*, Plaintiff claims Defendants are liable for the following:

> (a) Engaging in unfair and deceptive practice by misrepresenting an alleged debt obligation;
> (b) Fraudulent practices of omission and concealment of material facts, through Defendants' agents[;]
> (c) Violating Texas recording statutes, hence exposing the Plaintiff to the possibility of multiple enforcement claims of the same alleged debt obligation; [and]
> (d) Clouding the Plaintiff's title by use of, and lack of transparency of the MERS system and its modus operandi. This cloud potentially affects not just Plaintiff, but also every resident of Texas, as all have the potential to be the title holders of the clouded property.

*Id.* ¶ 1.

Plaintiff also claims the statute of limitations has run and Defendants are time-barred from executing a foreclosure sale on the Property. Am. Compl. ¶ 23.

Defendants removed the current suit to this Court and now move for dismissal with prejudice, alleging Plaintiff's suit is barred by res judicata and collateral estoppel. Arguing Plaintiff's claims are frivolous and intended to delay foreclosure, Defendants also seek sanctions.

**Analysis**

**I.      Rule 12(b)(6) Motion to Dismiss**

Given Plaintiff's failure to respond to the motion to dismiss, the Court grants the motion to dismiss as unopposed. *See* Local Rule CV-7(e)(2). The Court, however, briefly turns to the merits. Because the Court finds Plaintiff's claims barred by res judicata, the Court also grants the dismissal with prejudice on the merits. The Court need not examine whether collateral estoppel would prohibit the claims.

**A.      Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics*

-5-

*Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). A court may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). It is "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also* FED. R. EVID. 201(b)(2) (A court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Dismissal under Rule 12(b)(6) on res judicata grounds may be appropriate "when the elements of res judicata are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions,* 394 Fed. App'x. 172, 175 (5th Cir. 2010).

## B.    Application

Here, the Court finds the current suit barred on res judicata grounds in light of Plaintiff's prior lawsuits. Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *United States v. Davenport,* 484 F.3d 321, 325–26 (5th Cir. 2007). This bar prevents relitigation of issues that were or could have been raised in the previous action. *Id.* For res judicata to apply, the following four-part test must be satisfied: "(1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final

judgment on the merits; and (4) both suits involved the same claim or cause of action." *Warren v. Mortg. Elec. Registration Sys., Inc.,* 616 F. App'x 735, 737 (5th Cir. 2015). "The critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Id.* at 738 (citation and quotations omitted).

All four conditions of res judicata are satisfied in this case. First, although CWHEQ was not a party to *Kiggundu I* or *Kiggundu II*, it is in privity with its trustee, the Bank of New York Mellon. The Bank of New York Mellon was a defendant in *Kiggundu I* and the real party in interest in *Kiggundu II. See Warren,* 616 F. App'x at 737 (5th Cir. 2015) (emphasizing "nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment"). Thus, the parties in this case are the same as in the prior cases.

Second, there is no evidence the prior decisions by the district courts within the Southern District of Texas were not judgments rendered by courts of competent jurisdiction. In particular, the Fifth Circuit even affirmed the grant of summary judgment for defendants in *Kiggundu I. Kiggundu v. Mortg. Elec. Registration Sys. Inc.,* 469 F. App'x 330, 331 (5th Cir. 2012).

Third, the decisions in *Kiggundu I* and *Kiggundu II* were final judgments on the merits. The Fifth Circuit affirmed the grant of summary judgment for the defendants in *Kiggundu I. Id.* Similarly, the court in *Kiggundu II* dismissed the claims with prejudice. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981) (declaring a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits). Finally, the current case concerns the same nucleus of operative facts as both *Kiggundu I* and *Kiggundu II.* All of the claims alleged in *Kiggundu I, Kiggundu II,* and this case concern the origination, collection, and foreclosure of the

Mortgage on the Property. *See Warren*, 616 F. App'x at 738 ("Raising new claims, though, does not allow [a plaintiff] to avoid the reclusive effects of prior judgments."). In fact, it appears Plaintiff even copied and pasted from complaints of the prior cases in drafting his complaint for this suit.

Because the Court finds the claims in this case arise from the same nucleus of operative facts and thus could have, and should have, been asserted in the prior suits, the Court concludes res judicata bars Plaintiff's claims in this case.

## II.   Sanctions

### A.   Legal Standard

Rule 11 permits the Court to impose an appropriate sanction if a pleading, motion, or other paper is presented for any improper purpose, such as to harass or needlessly increase the cost of litigation, or if the claims or arguments therein are frivolous. *See* FED. R. CIV. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of federal court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court must carefully choose sanctions that further the purpose of the Rule and should impose the least severe sanctions that would adequately deter its violation. *See Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 875–76 (5th Cir. 1988). When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorney's fees or costs incurred as a result of the violation. *See Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996); FED. R. CIV. P. 11(c)(2).

The Court also possesses inherent power to "protect the efficient and orderly administration of justice . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy

sanctions in response to abusive litigation practices." *See Mendoza v. Lynaugh*, 898 F.2d 191, 195–97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures,* 513 F.3d 181, 187 (5th Cir. 2008). In determining whether to impose such an injunction, the Court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *See id.* at 189. A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 187.

## B.     Application

This suit marks the fourth time Plaintiff has initiated litigation concerning the foreclosure on the Property, attempting to delay the inevitable. A district court within the Southern District of Texas previously dismissed Plaintiff's claims surrounding the Mortgage, stating the claims could have been brought in the original suit. The claims here are no different. In the current suit, Plaintiff has merely refiled variants of his original claims in a state court within a different federal district. Consequently, the Court finds sanctions are appropriate and invites Defendants to submit requests for attorneys' fees.

Additionally, the Court finds sufficient evidence to issue a pre-filing injunction against Plaintiff. Plaintiff has filed duplicative suits, and it appears Plaintiff did not have a good faith basis for pursuing this litigation. While Plaintiff did not respond to Defendants' motion to dismiss, the current suit seems to have been filed for the sole purpose of discouraging and delaying foreclosure. Plaintiff's continued filings drain the Court's valuable resources and incur substantial costs on private defendants who are not acting in violation of the law.

Moreover, the Court finds monetary sanctions alone are not enough to deter Plaintiff from continuing to file frivolous and harassing litigation. As each suit delays foreclosure, there is no reason to think an additional financial burden, especially when Plaintiff has already defaulted on his mortgage, will cause him to cease filing frivolous lawsuits against innocent defendants. Furthermore, Plaintiff's attempt to disguise his claims by choosing a different subset of defendants for each lawsuit and filing with a new state court in a different federal district suggests the Court's pre-filing injunction must be broad. Only a sanction barring Plaintiff from filing lawsuits within this district, rather than barring the suit of a particular defendant, will begin to deter Plaintiff from future frivolous suits. *See Farguson v. MBank Hous., N.A.,* 808 F.2d 358, 360 (5th Cir. 1986) ("[A] broader injunction . . . . may be appropriate if a litigant is engaging in a widespread practice of harassment against different people.").

### Conclusion

Accordingly:

IT IS ORDERED that Defendants CWHEQ, Inc. and CWALT, Inc.'s Motion to Dismiss and Motion for Sanctions [#24] is GRANTED;

-10-

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Defendants CWHEQ, Inc. and CWALT, Inc. may submit requests for attorneys' fees; and

IT IS FINALLY ORDERED that Plaintiff Joseph Kiggundu, in any capacity, is BARRED from filing additional lawsuits in the Western District of Texas without first obtaining leave from a Federal District Judge in the Western District of Texas, Austin Division, or a Judge of the United States Court of Appeals for the Fifth Circuit.

SIGNED this the _2nd_ day of November 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE